# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOROTHY MOLITOR,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,
a Michigan non-profit corporation,

    Defendant.

Case No. 2:11-cv-15556-RHC-RSW

HON. ROBERT H. CLELAND
MAG. R. STEVEN WHALEN

| | |
|---|---|
| BOGAS, KONCIUS & CROSON, P.C.<br>Kathleen L. Bogas (P25164)<br>Charlotte Croson (P56589)<br>Attorneys for Plaintiff<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, MI 48025<br>(248) 502-5000<br>office@kbogaslaw.com | KELLER THOMA, P.C.<br>Terrence J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>Attorneys for Defendant<br>440 E. Congress, 5th Floor<br>Detroit, MI 48226<br>(313) 965-7610<br>tjm@kellerthoma.com<br>beb@kellerthoma.com |

## **STIPULATED PROTECTIVE ORDER**

    **WHEREAS**, Plaintiff and Defendant in the above-captioned action may seek discovery of documents, information, or other materials that may contain non-public, confidential, competitively-sensitive, or proprietary information of another party or of a third party;

    **WHEREAS**, Plaintiff and Defendant wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

    **WHEREAS**, the parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order;

**IT IS ORDERED** that:

1.   Certain documents and information shall be deemed to be "Confidential" and shall be seen solely by a party and its counsel, who shall only use such documents and information in connection with this litigation. No party shall disclose Confidential documents or information to any other person without the written consent of the opposing party or, if consent is refused, without a further order of this Court, except that such Confidential documents and information may be disclosed by counsel in connection with this action to:

 (a) clerical staff who are assisting counsel in the preparation and trial of this action, so long as any such staff person is advised not to discuss the Confidential documents and information with anyone;

 (b) independent experts requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter thereof at the trial of this action, so long as the independent expert is advised of the existence and terms of this Order and agrees to abide by it;

 (c) lay witnesses;

 (d) the Judge, jurors, court reporters, stenographers, court clerks and other court personnel;

 (e) mediators, facilitators and case evaluators; and

 (f) court reporters, videographers and stenographers at depositions.

2.   A party may designate as "Confidential" documents and information produced in discovery, by a party or non-party, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information, including (i) financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data, (ii) non-public private information relating to individuals, in which any party or third-party has a unique privacy interest, such as HIPAA-protected health information, social security numbers and information, employee or job applicant

names, beneficiary or tax withholding information , home addresses and/or telephone numbers, and (iii) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Documents and information shall not be considered Confidential if:

(a) the matter in question has become available to the public through no violation of this Protective Order or through no fault of the receiving party; or

(b) the matter was known to any receiving party other than by means of a relationship obligating confidentiality or of an agreement with the disclosing party prior to its receipt from the disclosing party; or

(c) the Court sua sponte or upon motion by a party or non-party determines there is good cause for removing or changing a designation.

3. Documents and things designated as Confidential shall be so labeled in writing or, where impracticable, by correspondence indicating same or by verbal designation on the record.

4. Any transcript, exhibit, motion, brief, answer to discovery, or other document filed in this action containing any Confidential information or attaching any Confidential documents shall be filed in accordance with the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules governing the electronic filing of sealed materials.

If a party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all parties in this litigation, who shall promptly meet and confer to attempt to resolve those objections. If objections cannot be resolved, either party may submit the matter to the Court for resolution.

5. If a party plans to use a Confidential document or information in a hearing before the Court, that party will inform the opposing party of the intended use at least twenty-four (24) hours prior to the intended use, and the parties will attempt to agree upon the manner in which

such Confidential document or information shall be presented and used. If the parties cannot resolve the issue, either party may submit the matter to the Court for resolution immediately prior to the hearing in whatever manner preferred by the Court.

6. In the event that a party inadvertently fails to designate any document or information as Confidential pursuant to this Order, it may later designate such document or information by notifying all opposing parties in writing. The notified party shall take reasonable steps to ensure that the document or information is thereafter treated in accordance with the designation. The notifying party may substitute a document or information containing the appropriate Confidential designation for the document or information that was not designated initially.

However, no person or party shall incur any liability hereunder with respect to disclosure which occurred prior to receipt of written notice of a belated designation.

7. Any party may challenge another party's Confidential designation at any time. The Court shall serve as the ultimate arbiter of whether a document or information is appropriately designated as Confidential under this Order. Nothing in this Order shall be deemed to have altered the parties' burden in establishing or disputing the propriety of any designation of confidentiality.

8. In the event of an inadvertent disclosure by a party of another party's documents, or information designated Confidential, the party making the inadvertent disclosure shall promptly:

    (a) notify the person to whom the disclosure was made that it contains a Confidential document or information subject to this Protective Order;

   (b) make all reasonable efforts to prevent dissemination or use of the document or information by the person to whom disclosure was inadvertently made; and

   (c) notify the disclosing party of the identity of the person(s) to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

  9. This Protective Order shall not prejudice any party's right to assert that a document, thing or information is inadmissible or exempt from discovery. Nothing in this Protective Order shall preclude any party or its representatives from discussing with any other person the progress, theories or legal strategies in this litigation, so long as the contents of the Confidential documents and information are not disclosed, described or characterized. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation in the course thereof, referring to or relying upon his examination of the Confidential documents or information. Nothing in this Order shall be construed in any way as finding that Confidential documents or information do or do not constitute or contain proprietary information, trade secret information or confidential information.

  10. A party that inadvertently produces or discloses any document or other information during discovery in this litigation that the party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently disclosing party, the receiving party (a) shall return the original and all copies of the documents within thirty (30) days of the request and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the receiving party objects to the return of the document, the receiving party shall move the Court

for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. If such a motion is made within thirty (30) days of receiving the notice from the party of its claim of inadvertent production, the receiving party may retain the produced document or information until the Court resolves the motion. However, the receiving party shall not use the document or information for any purpose other than the motion except upon further order of the court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the disclosing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or information before being notified, it must notify the party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

11. Except as provided herein, within thirty (30) days of the conclusion of this litigation, and at the request of an opposing party, each party or other person subject to the terms hereof shall return to the disclosing party or destroy and verify in writing such destruction of all materials and documents containing information designated Confidential. Such return or destruction shall not relieve the parties or other persons subject to this Protective Order from any of the continuing obligations imposed upon them by this Protective Order.

12. After this litigation is concluded, counsel for each party may retain an archival copy of the following documents and things, even though they contain information designated Confidential by another party: correspondence, pleadings, motions, briefs, memoranda, appendices to pleadings, affidavits, deposition transcripts, trial exhibits and demonstrative

materials, hearing and trial transcripts, and all work product incorporating such information, and one archival set of documents and things produced in discovery during this litigation. Documents filed under seal with the Court pursuant to Paragraph 3 above shall remain so designated in the party's archival file.

      13.    Upon final resolution of this litigation, the provisions of this Order shall continue to be binding on all parties. This Court expressly retains jurisdiction over this litigation for enforcement of the provisions of this Order following the final resolution of this litigation.

      14.    The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel.

                                                                    s/Robert H. Cleland
                                                                    U.S. District Court Judge

Dated: November 14, 2012

We stipulate to entry of the foregoing Order:

   /s/ Charlotte Crosson (w/consent)                  /s/ Barbara E. Buchanan
Charlotte Croson (P56589)                          Barbara E. Buchanan (P55084)
Attorney for Plaintiff                                            Attorney for Defendant

Dated: November 13, 2012                               Dated: November 13, 2012